TubNey, J.,
delivered the opinion of the court.
By sec. 25, art. 2, of the Constitution of the State,, it is ordained: “Eo person who hath heretofore been,, or may hereafter be, a collector or holder of public-moneys, shall have a seat in either house of the General Assembly or hold any other office under the-State, until such person shall have accounted for and paid into the treasury all sums' for which he may be-accountable or liable.” Sec. 1, art. 11, establishes:, “All laws and ordinances now in force and use in. this State, not inconsistent with this Constitution, shall continue in forcé and use until they shall expire, or be altered or repealed by the Legislature.” Sec. 748-i of Code enacts: “All free white males of the age of twenty-one years, who are citizens of the United States and of this State, and have been inhabitants of the State, county, or district or circuit the period required, by the Constitution and laws of the State, are qualified to hold office under the authority of this State,, except * * * (sub-sec. 4) those who are defaulters to the treasury at the time of the election,, and the election of any such person shall be void.”
If one elected to the office of sheriff of a county shall be refused induction into office by the Judge of the County Court, and petitions for writ of mandamus-asking that such judge shall show cause why he so refuses, and the judge answer that the petitioner has-been tax collector, and, as such tax collector, is defaulter to the State, county and public schools, he by such answer tenders the issue, and it is the duty of . *604 the court before whom the writs are returned to try the question, and, upon its truth or falsity, to award •or refuse the perempty writ. While the issue of default may be raised in other modes, the most direct and convenient is the one presented by this record.
It is not necessary that there shall have been a judgment of conviction. Such judgment would ,be merely evidence prima faaie, and not conclusive of the fact, and might be for sufficient reason avoided by the party charged, as that he had before the election paid it, or had been relieved by the Legislature.
Whatever judgment or decree may have been pronounced against the officer elect convicting him of •default, the question must be tried de novo when he presents himself for and is refused the office.
The facts in the record show, the petitioner to have been a defaulter at the time of his election and at the time of. his presentation for induction. The election was void.
Reverse the judgment and dismiss the petition.